**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH KELLY HAWTHORNE, Jr., | No. 10-15571 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01101-OWW-DLB |
| v. | |
| KATHY MENDOZA-POWER; K. HENRY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted August 11, 2011[**]

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Ralph Kelly Hawthorne, Jr., a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we vacate and remand.

The district court found that Hawthorne failed to file any administrative grievances after the date of the events alleged in his complaint.  However, Hawthorne had already fully exhausted administrative remedies for a grievance complaining of access to the prison law library and related problems.  We recently decided in *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), that "it [is not] the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised."  *Id*. at 685 (citing *Abney v. McGinnis*, 380 F.3d 663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion.")).  Accordingly, we vacate the district court's judgment and remand for consideration of whether Hawthorne's grievance served to exhaust administrative remedies for any of his federal claims.

We do not consider factual allegations and arguments raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny Hawthorne's motion for a court order filed on June 10, 2010.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**